

MTP/TMS: USAO 2015R00493

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2016 NOV -2  P 5: 03

CLERK'S OFFICE
AT GREENBELT
BY____ *bv*____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | **CRIMINAL NO.** TDC 16 cr 0526 |
| | * | |
| SEAN LAMAR JORDAN, | * | **(Conspiracy to Interfere with** |
| a/k/a "Tyke," and | * | **Interstate Commerce by Robbery,** |
| RONNIE ANTHONY INGRAM, Jr., | * | **18 U.S.C. § 1951(a); Attempted** |
| | * | **Interference with Interstate Commerce** |
| Defendants | * | **by Robbery, 18 U.S.C. § 1951(a);** |
| | * | **Interference with Interstate Commerce** |
| | * | **by Robbery, 18 U.S.C. § 1951(a);** |
| | * | **Using, Carrying, and Brandishing a** |
| | * | **Firearm During and in Relation to a** |
| | * | **Crime of Violence, 18 U.S.C. § 924(c);** |
| | * | **Forfeiture, 18 U.S.C. § 981(a)(1)(C)** |
| | * | **and 28 U.S.C. § 2461(c))** |
| | * | |

*******

### COUNT ONE
**(Conspiracy to Interfere with Interstate Commerce by Robbery)**

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1.    Cell Phone Store One, located in Beltsville, Maryland, and Cell Phone Store Two, located in Hyattsville, Maryland, engaged in interstate commerce by, among other things, selling consumer goods (*e.g.*, cellular telephones and other electronic devices) that were manufactured outside the state of Maryland, and thus travelled in interstate commerce prior to their arrival in Maryland.

## The Conspiracy

2.     In or about June 2015 in the District of Maryland and elsewhere, the defendants,

### SEAN LAMAR JORDAN,
### a/k/a "Tyke," and
### RONNIE ANTHONY INGRAM, Jr.,

did knowingly and willfully combine, conspire, confederate, and agree with one another, and with other persons known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the movement of an article and commodity in commerce by robbery, as those terms are defined in Title 18, United States Code, Section 1951(b), by the unlawful taking of electronic devices from the person and presence of employees of (i) Cell Phone Store One, in Beltsville, Maryland, and (ii) Cell Phone Store Two, in Hyattsville, Maryland, by means of actual and threatened force, violence, and fear of injury to such employees.

## Manner and Means of the Conspiracy

3.     Among the manner and means used by the defendants and their co-conspirators to achieve the objects of the conspiracy, were the following:

a.  It was part of the conspiracy that the defendants and their co-conspirators planned, organized, and executed robberies of businesses engaged in the sale of electronic telecommunication devices in order to steal certain devices, such as smartphones.

b.  It was further part of the conspiracy that the defendants and their co-conspirators accosted the employees of such businesses and took property belonging to the businesses from those employees through the use and threat of physical force.

c.  It was further part of the conspiracy that the defendants and their co-conspirators used and brandished firearms during and in relation to the robberies.

2

d.  It was further part of the conspiracy that the defendants and their co-conspirators shared the proceeds from crimes committed.

## Overt Acts

4.  In furtherance of the conspiracy, and to effect the illegal objects thereof, the defendants and their co-conspirators performed, participated in, and did the following acts, among others, in the District of Maryland and elsewhere:

a.  On or about June 27, 2015, in the District of Maryland and elsewhere, defendants **SEAN LAMAR JORDAN** and **RONNIE ANTHONY INGRAM, Jr.**, and others, attempted to rob Cell Phone Store One of electronic telecommunication devices, such as smartphones, and in doing so brandished a firearm, and forcibly threatened and detained store employees.

b.  On or about June 27, 2015, in the District of Maryland and elsewhere, defendants **SEAN LAMAR JORDAN** and **RONNIE ANTHONY INGRAM, Jr.**, and others, robbed Cell Phone Store Two of electronic telecommunication devices, such as smartphones, and in doing so brandished a firearm, and forcibly threatened and detained store employees.

18 U.S.C. § 1951(a)

3

## COUNT TWO
### (Attempted Interference with Interstate Commerce by Robbery)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 4 of Count One are incorporated here.

2.     On or about June 27, 2015, in the District of Maryland, the defendants,

### SEAN LAMAR JORDAN,
### a/k/a "Tyke," and
### RONNIE ANTHONY INGRAM, Jr.,

did knowingly and unlawfully attempt to obstruct, delay, and affect commerce by robbery, as

those terms are defined in Title 18, United States Code, Section 1951(b), in that the defendants

did unlawfully attempt to take and obtain property, including electronic telecommunication

devices such as smartphones, from the person and presence of employees of Cell Phone Store

One in Beltsville, Maryland, by means of actual and threatened force, violence, and fear of

injury, immediate and future, to the employees.


18 U.S.C. § 1951(a)
18 U.S.C. § 2

4

## COUNT THREE
### (Interference with Interstate Commerce by Robbery)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 4 of Count One are incorporated here.

2. On or about June 27, 2015, in the District of Maryland, the defendants,

## SEAN LAMAR JORDAN,
### a/k/a "Tyke," and
## RONNIE ANTHONY INGRAM, Jr.,

did knowingly and unlawfully obstruct, delay and affect and attempt to obstruct, delay, and

affect commerce by robbery, as those terms are defined in Title 18, United States Code, Section

1951(b), in that the defendants did unlawfully take and obtain property, including electronic

devices such as smartphones, from the person and presence of employees of Cell Phone Store

Two in Hyattsville, Maryland, by means of actual and threatened force, violence, and fear of

injury, immediate and future, to the employees.


18 U.S.C. § 1951(a)
18 U.S.C. § 2

5

### COUNT FOUR
### (Using, Carrying, and Brandishing a Firearm
### During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 4 of Count One are incorporated here.

2.      On or about June 27, 2015, in the District of Maryland, the defendants,

**SEAN LAMAR JORDAN,**
**a/k/a "Tyke," and**
**RONNIE ANTHONY INGRAM, Jr.,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for

which they may be prosecuted in a court of the United States, to wit:    attempted interference

with commerce by robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Two of this

Indictment, which is incorporated here.


18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 2

6

## COUNT FIVE
### (Using, Carrying, and Brandishing a Firearm
### During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

3.      Paragraphs 1 through 4 of Count One are incorporated here.

4.      On or about June 27, 2015, in the District of Maryland, the defendants,

### SEAN LAMAR JORDAN,
### a/k/a "Tyke," and
### RONNIE ANTHONY INGRAM, Jr.,

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for

which they may be prosecuted in a court of the United States, to wit:    interference with

commerce by robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Three of this

Indictment, which is incorporated here.


18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 2

7

## **FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further charges that:

1.      As a result of the offenses alleged in Counts One through Three of this

Indictment, the defendants,

### **SEAN LAMAR JORDAN,**
### **a/k/a "Tyke," and**
### **RONNIE ANTHONY INGRAM, Jr.,**

shall, as applicable, forfeit to the United States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property constituting, or

derived from, proceeds obtained, directly or indirectly, as a result of such violations.

2.      If any of the property described above being subject to forfeiture, as a result of

any act or omission of any defendant:

       a.      cannot be located upon exercise of due diligence;

       b.      has been transferred or sold to, or deposited with, a third person;

       c.      has been placed beyond the jurisdiction of the Court;

       d.      has been substantially diminished in value; or,

       e.      has been commingled with other property which cannot be divided

           without difficulty;

8

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of said defendant.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

_11/2/2016_
Date

Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Dated: November 2, 2016